**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOHN LEE GARCIA, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| WADE HAMPTON REYNOLDS; NORDEX USA, | § | CIVIL ACTION NO._____ |
| INC.; APEX CLEAN ENERGY, INC.; CAMERON | § | |
| WIND I, LLC; ELEVADORES GOIAN, S.L.; and | § | |
| JASO EQUIPOS DE OBRAS Y | § | |
| CONSTRUCCIONES, S.L. | § | |
| Defendants. | § | |

**DEFENDANT APEX CLEAN ENERGY, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Apex Clean Energy, Inc. ("Apex") files this Notice of Removal, and will respectfully show the Court as follows:

**A. THE PARTIES**

1. Plaintiff John Lee Garcia ("Plaintiff") is an individual residing in Texas. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 1.

2. Defendant Wade Hampton Reynolds ("Reynolds) is an individual residing in Cameron County, Texas. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 1. As discussed further below, Reynolds is an improperly joined party to this litigation as the Plaintiff is unable to establish a cause of action against Reynolds in state court.

3. Defendant Nordex USA, Inc. ("Nordex") is a foreign for-profit corporation, incorporated in Delaware, with its principal place of business in Illinois. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 2.

4.      Defendant Apex is a foreign for-profit corporation, incorporated in Virginia, with its principal place of business in Virginia. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 2.

5.      Defendant Cameron Wind I, LLC ("Cameron Wind") is a foreign limited liability company, formed under the laws of Delaware, with its principal place of business in Virginia. *Plaintiff's First Supplemental Petition, Exhibit A-4* at 2.

6.      Defendant Elevadores Goain, S.L. ("Goain") is a Spanish company, with its principal place of business located in Calle Del Progres 45, Montcada I Reixac, Spain. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 2.

7.      Defendant Jaso Equipos de Obras y Construcciones, S.L. ("Jaso") is a Spanish company, with a registered office in Carretera Madrid-Irun, Km 123, 20213 Idiazabel (Guipuzcoa), Spain. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 3.

**B.  STATE LAWSUIT**

8.      On May 27, 2020, Plaintiff filed an Original Petition in the 357th Judicial District Court, Cameron County, Texas ("State Lawsuit"), against Defendant Reynolds only. *See Plaintiff's Original Petition, Exhibit A-1*.

9.      On July 30, 2020, Defendant Reynolds filed his Original Answer in the State Lawsuit. *See Defendant's Original Answer, Exhibit A-3*.

10.     On September 3, 2020, Plaintiff filed a First Supplemental Petition, adding Defendants Nordex, Apex, Cameron Wind, Goain, and Jaso. *See Plaintiff's First Supplemental Petition, Exhibit A-4*.

11. In the State Lawsuit, Plaintiff alleges that he suffered bodily injury as a result of a workplace injury caused by the Defendants' alleged negligence or strict liability. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 5-9.

12. In the State Lawsuit, Plaintiff alleges damages in excess of $1,000,000.00. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 1 & 10.

13. Only Reynolds has been served in the State Lawsuit. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 1 (alleging that Reynolds has "answered and appeared"). Defendants Nordex, Apex, Cameron Wind, Goain, and Jaso have yet to be served. *See Docket Report, Exhibit A* at 3-4 (Citations Issued showing as "Unserved" with no Proofs of Service filed).

C. **REYNOLDS IS AN IMPROPERLY-JOINED DEFENDANT**

14. A defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). There is no reasonable basis to predict that Plaintiff might be able to recover against Reynolds.

15. Pursuant to Texas law, "[r]ecovery of workers' compensation benefits is the *exclusive remedy* of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent *or employee of the employer* for the death of or a work-related injury sustained by the employee." TEX. LABOR CODE §408.001(a) (emphasis added).

16. Plaintiff alleges that he was "working" at the time of his alleged injury. *See Plaintiff's First Supplemental Petition, Exhibit A-4* at 5.

17.  Plaintiff and Reynolds were co-employees working for the same employer. *See Defendant's Original Answer, Exhibit A-3* at ¶2.01. Their co-employer was a subscriber to workers' compensation insurance. *Id.*

18.  Plaintiff is precluded from bringing a claim against his co-worker, Reynolds, for the alleged injuries. *See TIC Energy & Chemical, Inc. v. Martin*, 498 S.W.3d 68, 72-73 (Tex. 2016)(holding that the Texas statute prohibits common-law remedies against both employers and co-employees).

19.  Therefore, there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Reynolds such that Reynolds is an improperly-joined defendant.

D.  **REMOVAL IS PROPER**

20.  This matter is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed to this Court pursuant to 28 U.S.C. §1441 because it is an action between citizens of different states (28 U.S.C. §1332(a)(1)) and citizens of a State and citizens of a foreign state (28 U.S.C. §1332(a)(2)), wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs (28 U.S.C. §1332(a)).

21.  Removal is proper under 28 U.S.C. §1332(a) because there is currently complete diversity of citizenship between the Plaintiff and the properly-joined Defendants. Plaintiff is a citizen of Texas, while none of the properly-joined and served Defendants are citizens of Texas, satisfying 28 U.S.C. §1441(b)(2). *See supra,* Section A, "The Parties," ¶¶1-7.

22.  The amount in controversy requirement of 28 U.S.C. §1332(a) is satisfied because Plaintiffs alleges he seeks monetary relief in excess of $1,000,000.00. *See supra*, Section B, "State Lawsuit," at ¶12. Although Apex disputes liability and damages, it is evident from Plaintiff's First

Supplemental Petition that alleges claims for monetary relief that, if granted, would exceed $75,000. *See* 28 U.S.C. §1446(c)(2). Therefore, the amount in controversy exceeds the $75,000 threshold requirement to invoke this Court's jurisdiction. 28 U.S.C. §1332(a).

23. Under federal law, "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based …." 28 U.S.C. §1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).

24. The Plaintiff's Original Petition, filed on May 27, 2020, only named improperly-joined Defendant Reynolds. *See Plaintiff's Original Petition, Exhibit A-1*. At that time, the matter was not removable because there was no diversity of citizenship.

25. The Plaintiff's First Supplemental Petition was filed on September 3, 2020. *See Plaintiff's First Supplemental Petition, Exhibit A-4*. This pleading is the first to name properly-joined defendants, all of which are completely diverse to Plaintiff. This Notice of Removal is being filed within 30 days of the filing of the Plaintiff's First Supplemental Petition.

26. Under federal law, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. §1446(b)(2)(B).

27. While Apex has not yet been served, it first learned about the State Lawsuit on September 9, 2020. It was at that time that Apex first received a copy of the initial pleading as well as the Plaintiff's First Supplemental Petition. This Notice of Removal is being filed within 30 days of Apex's receipt of the initial pleading.

28. This Notice of Removal is not being filed more than 1 year after commencement of the State Lawsuit. 28 U.S.C. §1446(c)(1).

29. Under federal law, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of this action. 28 U.S.C. §1446(b)(2)(A).

30. No properly-joined defendants have been served. The only served Defendant is Reynolds who, as discussed above, was not properly joined. *See supra*, Section C, "Reynolds is an Improperly-Joined Defendant", ¶¶14-19. None of the other Defendants have been served. Therefore, none of the Defendants need consent to this removal. Despite the fact that their consent is not necessary, counsel for Defendant Nordex and counsel for Defendant Reynolds have advised counsel for Apex that Nordex and Reynolds, respectively, consent to this removal.

31. Venue is proper in this Court pursuant to 28 U.S.C. §§124(b)(4) and 1446(a), because this is the District and Division within which the State Lawsuit is pending.

32. Pursuant to 28 U.S.C. §1446(a), Apex is required to include with this Notice of Removal a "copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Apex has not yet been served with the State Lawsuit and thus does not have any such documents. Nevertheless, Apex attaches the following pleadings, which were obtained using the state court's electronic filing database:

| | **State Lawsuit Pleading** | |
|---|---|---|
| **Exhibit** | **Description** | **Date Filed in State Court** |
| A | Docket Report as of September 22, 2020 | 9/22/20 |
| A-1 | Plaintiff's Original Petition | 5/27/20 |
| A-2 | Citation Issued to Wade Reynolds | 6/1/2020 |
| A-3 | Defendants Original Answer | 7/30/2020 |
| A-4 | Plaintiffs First Supplemental Petition | 9/3/2020 |

33. Contemporaneous with the filing of this Notice of Removal, Apex is making a request from the clerk of the state court for a copy of all additional documents filed in the State Lawsuit. Apex will file a supplement to this Notice of Removal once a copy of all such additional documents are received.

34. Pursuant to 28 U.S.C. §1446(d), promptly after Apex files this Notice of Removal, written notice of the filing will be given to Plaintiff, the adverse party, and a Notice of Filing Notice of Removal will be filed with the Clerk of the Cameron County District Court of Texas.

E. **PRIOR LAWSUIT BETWEEN PARTIES**

35. Plaintiff previously filed a lawsuit against Defendants Nordex and Apex in Cameron County, Texas alleging the same damages arising from the identical incident, which was removed to this Court on September 27, 2019. The removed lawsuit was pending before the Honorable Fernando Rodriguez, Jr. under case number 1:19-cv-00187. *See* Case No. 1:19-cv-00187 at Doc. 1.

36. After the Court denied Plaintiff's Motion to Remand, *see* Case No. 1:19-cv-00187 at Doc. 24, Plaintiff voluntarily Dismissed the prior federal action prior to answer. *See* Case No. 1:19-cv-00187 at Doc. 25.

**F. RESERVATION OF DEFENSES**

37. Apex does not waive and specifically reserves any and all objections, exceptions, or defenses to Plaintiff's First Supplemental petition, including but not limited to moving to have this matter dismissed.

Dated: September 22, 2020

Respectfully submitted,

**HALL MAINES LUGRIN, P.C.**

*/s/ Amanda J. Kujda*
Amanda J. Kujda
Attorney-in-Charge
Texas No. 24053565 / Federal No. 685206
akujda@hallmaineslugrin.com
Michael E. Carrer
Texas No. 24073391 / Federal No. 1385117
mcarrer@hallmaineslugrin.com
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, Texas 77056-6125
Telephone: 713-871-9000
Facsimile: 713-871-8962

*Counsel for Defendant Apex Clean Energy, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2020, a copy of the foregoing document was electronically filed and will be served on the following counsel via electronic and certified mail, return receipt requested:

David E. Harris
dharris@shhlaw.com
Louise J. Cook
lcook@shhlaw.com
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401

*/s/ Amanda J. Kujda*
Amanda J. Kujda