FILED - 5/27/2020 4:09 PM
2020-DCL-02489 / 43274047
ELVIRA S. ORTIZ
Cameron County District Clerk
By Sofia Herrera Deputy Clerk

CAUSE NO. 2020-DCL-02489 _____

| | | |
|---|---|---|
| JOHN LEE GARCIA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | Cameron County - 357th District Court |
| | § | |
| VS. | § | \_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| WADE HAMPTON REYNOLDS | § | |
| | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff John Lee Garcia, in the above-styled and numbered cause, complaining of Defendant Wade Hampton Reynolds, and for its cause of action would respectfully show this Court the following:

## DISCOVERY CONTROL PLAN

Discovery is appropriate under Discovery Level 3 of Tex. R. Civ. P. 190.4 because Plaintiff seeks damages well above $1,000,000.00.

## PARTIES

Plaintiff John Lee Garcia is a resident of Texas.

Defendant Wade Hampton Reynolds an individual residing in Cameron County, Texas. Mr. Reynolds may be served with process at 41315 Schafer Rd, Los Fresnos, Texas 78566-4621.

## VENUE AND JURISDICTION

Venue is proper in Cameron County, Texas pursuant to section 15.002(a)(1) because it is a county where a substantial portion of the events and/or omissions giving rise to the subject claims occurred, including critical operational and safety decisions that contributed to and/or caused the accident made the basis of this lawsuit. Plaintiff further adopts and incorporates by reference all


EXHIBIT A-1

other factual allegations contained elsewhere in this petition in support of its venue allegations, including, without limitation, such facts alleged in the "**FACTS**" portion of this petition.

Jurisdiction of this case is properly in the District Court of Cameron County, Texas, and the case is not subject to removal to federal court. Plaintiff has not alleged any claims or causes of action under federal law.

## FACTS

On May 24, 2019 John Garcia was working at the Cameron Wind Farm Tower #53 in Cameron County, Texas.

While Garcia was working on the subject wind tower, without Garcia's knowledge, Wade Reynolds adjusted the limit switch on the green hatch of the Wind Farm Tower #53.

This caused the green hatch to be left open while the lift was moving up and down Tower #53.

Reynolds action created an unreasonable risk for Garcia and others using the lift. Reynolds conduct created a dangerous situation by allowing a pinch point hazard to be present on the manlift (the open green hatch and tracks on the lift).

Reynolds upon loosening the limit switch did nothing to remedy the danger (by properly tightening the switch) or warn John Garcia of the danger.

In order to reach the top of Wind Turbine 53, John Garcia was required to use the service lift in Wind Turbine 53.

The service lift was used to reach different areas within the wind turbine. Given the height of the wind turbine, it is more efficient for workers to travel via lift as opposed to climb a ladder.

While traveling up the service lift, the service lift suffered a fault code, stopping the service lift midway up the wind turbine.

Garcia, in order to fix this fault code, climbed onto the top of the service lift through the green hatch. After fixing the fault code, Garcia returned to the service lift.

While traveling back down Turbine 53 in automatic mode, Garcia realized he had left the green hatch open while fixing the fault code for the service lift.

Garcia's arm while attempting to close the green hatch became trapped between the ladder and the top of the lift.

The lift moved with the green hatch open because the limit switch was loosened by Reynolds. Had the limit switch not been loosened, the lift would not have moved with the green hatch open, preventing Garcia's arm from being caught in the pinch point between the top of the ladder and the green hatch.

Garcia suffered severe and significant injuries as a result of this pinch. This includes paralysis to the left side of his body, the inability to walk, and multiple skin debridement surgeries.

## CAUSES OF ACTION

**A.   NEGLIGENCE AND NEGLIGENT ACTIVITY OF WADE H. REYNOLDS**

Wade H. Reynolds as a trained service technician had a duty to use reasonable care when operating and maintaining the subject service lift.

Wade H. Reynolds had an independent and non-delegable duty to avoid creating a dangerous condition that he knew or should have known may result in a foreseeable risk of injury to others on the job site.

Wade H. Reynolds breached these duties by the following:

a. Failing to use reasonable care when loosening the limit switch on the subject manlift, despite knowledge that loosening the limit switch would lead to the manlift being able

      to operate with the green hatch open, and that this condition created an unreasonable risk of injury, primarily a pinch point, in the subject manlift.

b. Failing to use reasonable care in failing to warn John Garcia of the dangerous condition created by Reynolds and failing to use reasonable care to remedy the situation.

c. Taking the affirmative action of loosening the limit switch, which lead to the dangerous condition of the limit switch allowing the green hatch to remain open while the manlift is in motion.

The foregoing acts and omissions, individually or collectively, were a proximate cause of the subject incident, the catastrophic injuries to John Garcia, and the Plaintiff's injuries and damages.

Moreover, these actions created a dangerous situation that directly caused John Garcia's injuries.

## CONDITIONS PRECEDENT

In accordance with Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's claims and causes of action have been performed or have occurred or are otherwise waived or excused.

## DAMAGES

Plaintiff adopts and re-alleges each paragraph above as if set forth herein.

As a direct and proximate result of the incident, injuries, and damages for which Defendants are liable, Plaintiff seeks and is entitled to all legally compensable damages as permitted by Texas law and all such other damages, at law or in equity, to which they may be entitled.

John Garcia seeks and is entitled to damages recoverable under Texas law that are a proximate result of the subject incident, which specifically include but are not necessarily limited to compensation as determined by the jury for his:

(a) Past and future conscious physical pain and mental anguish;

(b) Past and future medical expenses, including the expenses that in reasonable probability will be incurred in the future;

(c) Past and future physical impairment;

(d) Past and future disfigurement;

(e) Lost wages in the past;

(f) Loss of earnings and earning capacity in the future.

Plaintiff also requests that the Court award prejudgment and post-judgment interest in accordance with the prevailing rates of interest under Texas law.

The damages sought are greatly in excess of the minimum jurisdictional limits of this Court, as the jury determines to be just and fair.

Rule 47(c) of the Texas Rules of Civil Procedure requires that Plaintiff set forth the level of monetary relief sought herein. Solely for purposes of compliance with this Rule, Plaintiff states that they expect to seek monetary relief in excess of $1,000,000.00 for the damages asserted herein.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues of fact. The necessary jury fee has been paid.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are hereby requested to disclose within 50 days of service of this request, all information and material described in Rule 194.2.

## RULE 193.7 NOTICE

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and all documents produced by any party will be used at any pretrial proceedings and/or at the trial in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein, that this case be set for trial before a jury, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendants jointly and severally, for the actual, compensatory, and punitive damages as the evidence may show and the jury may determine to be proper, together with the costs of suit, prejudgment interest, post-judgment interest, and such other and further relief to which Plaintiff may in law or in equity show themselves to be justly entitled.

Respectfully submitted,

**SICO HOELSCHER HARRIS LLP**

By: /s/ *David E. Harris*
David E. Harris
State Bar No. 24049273
dharris@shhlaw.com
Louie J. Cook
State Bar No. 24101191
lcook@shhlaw.com
802 N. Carancahua, Suite 900
Corpus Christi, Texas 78401
Phone: 361-653-3300
Fax: 361-653-3333

**ATTORNEYS FOR PLAINTIFF**